UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 25 CR 288 |
| v. | ) | |
| | ) | Hon. John F. Kness |
| EMERIL ENGLAND | ) | District Judge |

**GOVERNMENT'S POSITION PAPER
REGARDING SENTENCING FACTORS**

On May 28, 2025, defendant Emeril England, wearing a disguise, robbed a Huntington Bank branch in Northbrook, Illinois, using pepper spray and a fire extinguisher to force tellers to move away from their cash drawers and enable him to steal $4,195 from the bank. This is not defendant's first robbery or his first serious criminal offense – instead, he is a career offender, with multiple prior aggravated robberies and battery offenses in his past. A sentence of 151 months' imprisonment – the low end of the applicable Guidelines range - is appropriate in order to reflect the seriousness of the offense, provide just punishment, protect the public, and deter defendant and others from committing similar crimes.

## I.     THE PRESENTENCE INVESTIGATION REPORT

Defendant entered a plea declaration to the single count of the indictment, which charged him with bank robbery, in violation of Title 18, United States Code, Section 2113(a).

The United States Probation Department, using the November 2025 Guidelines Manual, calculated defendant's Guidelines range as follows:

**20**     Base offense level, pursuant to USSG § 2B3.1.

1

> **2** Pursuant to USSG § 2B3.1(b)(1), two levels are added because defendant stole property of a financial institution.

Pursuant to USSG § 4B1.1(b)(3), the offense level is 32 because defendant is a career offender, in that the instant offense is a crime of violence, and defendant has at least two prior felony convictions for crimes of violence, namely, his convictions for aggravated robbery in Cook County, Illinois case numbers 18 CR 694501 and 18 CR 839701.

> **- 3** Acceptance of responsibility, pursuant to USSG § 3E1.1

> **29** **Total Offense Level**

PSR at 8.

As a career offender, defendant's criminal history category is VI. PSR at 15.[1]

The Probation Office calculated that, with an offense level of 29 and a criminal history score of VI, defendant's advisory Guidelines range is 151-188 months' imprisonment. PSR at 26.

## II. THE 3553(A) FACTORS WARRANT A SENTENCE WITHIN THE GUIDELINES RANGE

Criminal sentencing has four purposes - retribution, deterrence, incapacitation, and rehabilitation. *United States v. Milbourn*, 600 F.3d 808, 812 (7th

---

[1] The Probation Office has further calculated that defendant has 10 criminal history points, by virtue of his convictions for aggravated battery of a peace officer, mob action, and aggravated robbery. PSR at 10-16. The government notes that the Probation Office declined to assign points to defendant's conviction in 18 CR 944701, presumably because it believed that the conduct was not separated by an intervening arrest from the conduct in case 18 CR 694501, and both offenses were sentenced on the same day. As such, the offenses are treated as a single sentence. *See* USSG § 4A1.2(a)(2). However, both the 18 CR 694501 and 18 CR 944701 cases were robberies, which are crimes of violence, and the sentence did not result in any additional criminal history points. Pursuant to USSG §4A1.1(d), one additional criminal history point should be added, for a total of 11 criminal history points.

Cir. 2010). Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[2] In defendant's case, a sentence of 151 months, which is the low end of the Guidelines range, is needed to take into account the nature and circumstances of the offense as well as defendant's history and characteristics, and satisfies the purposes of sentencing, in particular the need to reflect the seriousness of the offense, to protect the public, to promote respect for the law, and to deter defendant and others.

### A. The Nature and Circumstances of the Offense

Defendant carefully planned the May 28, 2025 robbery. Prior to the date of the robbery, he ordered a wig online to disguise his appearance. He brought Mace with him to intimidate and control people at the bank, and he chose the Huntington Bank at 1220 Meadow Road in Northbrook, Illinois, because he was familiar with the layout of the bank. He identified a concealed area in which he could park his car, undetected, and wore a disguise into the bank which completely obscured his face:

---

[2] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." §§ 3553(a)(2)(A)-(D).



Date: 05/28/2025 09:26:19.89
Camera: Teller 1
Event: Sony Motion
DVR: FMERNORTHBROOK

While defendant originally planned to use pepper spray (or Mace) to force the tellers to hand over the money, when he arrived at the bank, he saw a fire extinguisher in the bank and added that to his tool kit. Defendant entered the bank lobby, brandishing the Mace, and sprayed the victim tellers with the pepper spray. He then removed the fire extinguisher from his bag and sprayed the tellers with the fire extinguisher. Defendant used the pepper spray and the fire extinguisher to intimidate and force the tellers away from their teller stations so that he could access their teller drawers. The tellers ran away as the bank lobby filled with smoke. In their haste, one of the tellers left his/her drawer open. Defendant removed approximately $4,915 from the teller's drawer and fled the bank.

Defendant's offense was not an impulsive mistake. He carefully planned ahead to use force, violence, and intimidation to steal money from the bank and to make sure that he would not be detected. And, as detailed in the criminal complaint in this matter, but for the observant actions of Metra personnel who sought out responding

officers to report a suspicious vehicle near the railroad tracks, he might well have gotten away with it. *See* R.1 (Crim. Compl.) at ¶ 14-15.

### B. Defendant's History and Characteristics

Defendant has provided this Court with a detailed mental health history which indicates that he some cognitive impairments and has had a difficult childhood. However, even keeping in mind those facts, defendant's conduct in this case, and his lengthy criminal history, show that, notwithstanding his cognitive deficits and past trauma, he is still capable of planning and executing crimes of violence, and that prior sentences have not served to protect the public and deter defendant from further criminal activity.

Defendant's first criminal conviction was for armed robbery as a juvenile. He continued to commit violent offenses even after turning 18, including multiple aggravated robberies and aggravated battery of police officers. As detailed in the PSR, these were violent offenses, during which the defendant either physically battered the victims or pointed firearms (or replica firearms) at the victims to obtain their money and possessions. Defendant has been unable to conform his conduct to the law even while in prison: in 2021, he pleaded guilty to striking a victim while he was in Cook County custody, PSR at 12, and during his pretrial detention in this case, he has sustained seven disciplinary actions at the MCC, ranging from attempts to interfere with security devices to phone abuse. PSR at 5. In addition, defendant committed this offense while facing a case a vehicle theft case in Wisconsin. PSR at 15-16. As defendant did in this case by inventing a completely uncorroborated justification for the bank robbery, defendant told a similarly incredible story to local

5

officers when he was stopped in a stolen car in Greenfield, Wisconsin. Defendant's repeated false statements make it difficult to credit any of his claims.

### C. The Need to Promote Respect for the Law, Protect the Public, and Deter Defendant and Others

Defendant planned this robbery, obtained a disguise, chose a location to conceal his vehicle, and used pepper spray and a fire extinguisher against bank employees so that he could gain access to the bank's cash. It is aggravating that he committed this crime after serving multiple lengthy terms of imprisonment for prior violent offenses, including aggravated robbery and battery. Further, while at the MCC, defendant made additional notes about future bank robberies. *See* G.V., Ex. A at MCC_001-1 to 4 and MCC_002-1. Defendant's history shows a repeated lack of respect for the law, repeated attempts to deceive law enforcement for his own gain, and an inability to be deterred.

A sentence of 151 months, at the low end of the Guidelines range, is sufficient but not greater than necessary to provide just punishment, promote respect for the law, protect the public, and to deter defendant and others from committing similar crimes.

### III. SUPERVISED RELEASE

Pursuant to 18 U.S.C. § 3583(b)(2), the Court may impose a term of not more than three years of supervised release. The government agrees with the Probation Office's recommendation that this Court impose a three-year term of supervised release, which is sufficient, but not greater than necessary, to accomplish the aims set forth in 18 U.S.C. § 3553(a) and § 3583. A three-year term of supervised release

provides a significant period during which, if defendant can receive mental health and community support, which serves to protect the public and promote respect for the law. The government has no objection to the proposed conditions of supervised release proposed by the Probation Office – these conditions are appropriately tailored to permit the Probation Department to monitor defendant while on supervised release, deter defendant from reoffending, protect the public, and provide defendant with needed training and treatment.

## IV.    CONCLUSION

For the reasons set forth above and in its Government's Version of the Offense, the government respectfully requests that this Court impose a sentence of 151 months' imprisonment.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:  s/Maureen E. Merin
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-1457

7